**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| **BUDGET RENT A CAR, INC.** | ) |
| | ) |
| and | ) |
| | ) |
| **ACE AMERICAN INSURANCE CO.** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   **Civil Action No. 3:05CV606** |
| | ) |
| **RICHARD M. WILSON,** | ) |
| | ) |
| and | ) |
| | ) |
| **PHILLIP T. DISTANISLAO, JR.,** | ) |
| **Administrator of the estate of Darnell** | ) |
| **Powell** | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation regarding the Defendant Wilson's motion to dismiss, or in the alternative, motion to stay Plaintiffs' declaratory judgment action. The court's jurisdiction is properly invoked pursuant to the Declaratory Judgment Act and based on diversity of citizenship. 28 U.S.C. §§ 2201(a), 1332.

This case arises out of a fatal automobile accident involving one of Plaintiff Budget Rent A Car's (Budget) rental vehicles. Defendant Wilson was seriously injured in the accident and, as

a result, he filed an action in state court for damages against the estate of Darnell Powell (aka "Abdullah Graham") who had purportedly rented the vehicle from Budget.  Subsequently, Plaintiffs Budget and Ace American Insurance Company (Ace American) filed an action in this court, seeking a judgment declaring that the Plaintiffs have no contractual or insurance obligations in relation to the Defendants.  Defendant Wilson has moved to dismiss the action or, in the alternative, to have the matter stayed until the state court action is resolved.  Having considered the matter, including the oral argument of counsel, the court recommends that both the Defendant's motion to dismiss and the motion to stay be DENIED.

## Standard of Review

The Declaratory Judgment Act (the Act) gives this court the authority to declare the rights and other legal relations of an interested party in any case of actual controversy within the court's jurisdiction. 28 U.S.C. § 2201 (a).  However, the authority is discretionary and the Act imposes no duty on a court to grant declaratory relief.  Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995)("Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants.").  Defendant Wilson urges the court to decline to exercise its declaratory judgment authority.

## Relevant Facts

On September 15, 2003, an individual who identified himself as "Abdullah Graham" contracted with Budget to rent a car.  Ace American is the insurance company used by Budget for excess liability insurance and it provided coverage accordingly for Graham's rental.  On September 26, 2003, Defendant Richard Wilson and "Abdullah Graham" were traveling in the

rental car on an interstate highway when they got involved in an accident. It is unclear who was driving the car at the time. "Graham" was killed in the crash and Wilson sustained major injuries. After the accident, Budget's investigation disclosed that "Graham's" real name was, in fact, Darnell Powell. Wilson sued the Powell estate in state court, claiming that Powell was driving at the time of the accident and was at fault. Wilson demands $3 million in damages. Neither Budget nor Ace American are named parties in the state tort action.

Budget and Ace American subsequently filed this action seeking a declaratory judgment. The Plaintiffs contend, based in part on Powell's misrepresentation of his identity, that no insurance benefits are owed under either the Budget contract or the Ace American contract, including the providing of a defense in the underlying state litigation. (Compl. ¶¶18, 23). Budget further alleges that the rental contract was breached because the vehicle was not operated in accordance with Virginia law and because, regardless of which party was driving at the time of the accident, neither Wilson nor Powell were "authorized users" within the meaning of the rental contract. (Compl. ¶¶27-35).

**Analysis**

The court should maintain jurisdiction over a declaratory judgment action when the judgment will: (1) serve a useful purpose in clarifying and settling the legal relations in issue, and (2) terminate and afford relief from the uncertainty, insecurity and controversy giving rise to the proceeding. Aetna Cas. & Surety Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937). Plaintiffs emphasize that the Fourth Circuit "has instructed the district courts to exercise good reason and discretion liberally in favor of affording declaratory relief from uncertainty and insecurity with respect to rights, status and legal relationships." (Pl. Budget's Opp. to Def. Wilson's Mot. to

Dism., or in the Alt., Mot. to Stay)(Budget's Opp. at 3)(citing Aetna, 92 F.2d at 324)).  The Defendant Wilson does not directly address either issue in regard to the facts here.  (Def. Brief in Supp. of Mot. to Dism. or, in the Alt. Mot. to Stay)(Def.'s Brief at 2-3)).

This case involves a straight forward coverage dispute in which the Plaintiffs argue they have no contractual obligation to the Defendants in the underlying state tort action.  The court can therefore serve the useful purpose of resolving the related issues of whether the Plaintiffs have an obligation to provide insurance coverage for any liability, including the cost of defending the Powell estate in the state action. "It is well established that a declaration of the parties' rights under an insurance policy is an appropriate use of the declaratory judgment mechanism." United Capitol Ins. Co. v. Kapiloff, 155 F.3d 488, 494 (4th Cir. 1998).  By issuing a declaratory judgment, this court can provide clarity to the coverage issues and thereby assist the state court in its analysis in the pending tort case.   Further, if Budget and Ace American have no contractual obligations to the Powell estate, it would be inequitable for them to be forced to defend the Powell estate against Wilson's state claims, only to have their position ratified later:

> The declaratory judgment action is designed to allay exactly the sort of uncertainty that flows from the threat that ambiguous contractual rights may be asserted. The declaratory judgment action allows the uncertain party to gain relief from the insecurity caused by a potential suit waiting in the wings.

Id. at 494.  Indeed, other circuits have found that the very purpose of the declaratory judgment action is for a party uncertain of his rights to avoid the accrual of damages.  NUCOR Corp. v. Aceros Y Maguilas de Occidente, 28 F.3d 572, 577 (7th Cir. 1994).

At the same time, when there is related litigation pending at the state level, a federal court must apply another multi-faceted test and take into account "considerations of federalism,

efficiency and comity." Nautilus Ins. Co. v. Winchester Homes, 15 F.3d 371, 376 (4th Cir. 1994).  Specifically, the court must consider: (1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state courts could resolve the issues more efficiently than the federal courts; (3) whether the presence of "overlapping issues of fact or law" might create unnecessary "entanglement" between the state and federal courts; and (4) whether the federal action constitutes "procedural fencing" in the sense that the action is merely the product of forum shopping. Id. at 377.

Defendant Wilson argues that the court should decline to exercise jurisdiction because "the outcome of this action will depend on the application of Virginia law to certain factual conclusions to determine if an insurance policy exists under Virginia law." (Def.'s Brief at 3). Wilson further argues that the matters would be better litigated in state court and that pursuing this action is an inefficient use of judicial resources. Id.

In opposition, the Plaintiffs argue that the court should resolve the uncertainty of the situation by determining the legal relationship between Budget, Ace American, Wilson, and the Powell estate.  (Pl. Ace American's Brief in Opp. to Mot. to Dism. or, in the Alt., Mot. to Stay)(Ace's Brief at 2)).  Ace emphasizes that this case simply involves a "routine application of settled principles of law." (Id. at 7) (citing Nautilus)).  Therefore, the Plaintiffs argue that the Commonwealth's interest in having the case resolved in state court is not very strong since the matter involves no "ground breaking" questions of state law. (Id.)

The Plaintiffs also emphasize that neither of them are named parties in the pending state tort case and that since Virginia is not a "direct action state," an injured person must reduce his claim to judgment before bringing an action against the tortfeasor's liability insurer so that the

issue of coverage would have to be resolved ultimately in any event. United Services Automobile Assoc. v. Nationwide Mut. Ins. Co., 218 Va. 861, 867(1978); Va. Code Ann. § 8.01-5(B). Accordingly, Wilson cannot bring an action against the third party insurers in the pending state action. Thus, "the claims of all parties interested in this proceeding cannot be decided in the underlying personal injury case." (Ace's Brief, at 8). Accordingly, where the issues involved in the state case are distinguishable from those in this case, there is no threat of entanglement between the state and federal courts in retaining this action in federal court. (Id. at 10).

Budget further argues that considerations of efficiency also weigh in favor of this court entertaining the declaratory judgment action because the parties are in the midst of discovery and a trial date has already been set. (Budget's Opp., at 5). Furthermore, Budget argues that the federal process is needed to conduct discovery in multiple states (New York and New Jersey) "which could not efficiently be accomplished in the state court system." Id.

The facts in Penn America Insurance Co. v. Coffey, 368 F.3d 409 (4th Cir. 2004), are analogous to those of the present action and the decision in Penn America is instructive in its analysis of the Nautilus factors. Penn America involved an insurance company that filed suit in federal court seeking a declaratory judgment that it had no duty to defend or indemnify its insured in a pending tort action in state court. There, as here, the plaintiffs argued that the exclusionary provisions of the contract limited their obligations to the defendants. Id. The Fourth Circuit in Penn America focused mainly on the third Nautilus factor, the possible entanglement of pending state and federal proceedings, in deciding whether the district court was justified in refusing to exercise its declaratory judgment jurisdiction. The court held that "[w]here another suit involving the *same parties* and presenting opportunity for ventilation of the

*same state law issues* is pending in state court, a district court might be indulging in 'gratuitous interference'…if it permitted the federal declaratory action to proceed." Id. at 412 (citing Wilton v. Seven Falls Co., 515 U.S. 277, 283 (1995); Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 495 (1942))(emphasis added).  Nevertheless, the court also held that a district court can exercise its declaratory judgment jurisdiction to determine coverage issues without becoming entangled in the tort issues in the related state case.  Penn America, 368 F.3d at 414.  In fact, the court held in Penn America that the district court "*should not have refused* to exercise the federal jurisdiction invoked.[...]" Id. (emphasis added).

In the present situation, the parties in the state tort action are not the same as those involved in the present federal action.  Further, while the issues in the state and federal cases are related, they are not the same.  Simply put, the state court action will determine whether the Powell estate is liable in tort for Wilson's injuries, while the present case will establish whether Budget and/or Ace American have any contractual obligations in the matter with regard to defending the state action or indemnifying the defending party if there is an award of damages.

The court in Penn America also addressed the first Nautilus factor which is a consideration in this case:

> …while the State certainly has a strong interest in protecting its jurisprudence and an interest in deciding cases calling for application of its own law, to defer to the state court tort case in the circumstances before us will not advance the State's interests significantly because (1) the contractual coverage issue will not be decided by the state tort case, and (2) Penn-America is not a party to the state case.  Moreover, as we have observed, the State's interest is "not particularly significant" where any state law issues are standard and "unlikely to break new ground."

Id. at 414 (quoting United Capitol Ins. Co. v. Kapiloff, 155 F.3d 488, 494 (4th Cir. 1998)).

There is contrary authority upholding a district court's discretion to refuse to exercise jurisdiction in a declaratory judgment action, but such authority is distinguishable. Specifically, in <u>New Wellington Financial Corp. v. Flagship Resort Development Corp.</u>, 416 F.3d 290 (4th Cir. 2005), a Virginia corporation (New Wellington) reviewed and processed credit documents on behalf of lenders. A dispute arose between it and an out of state (New Jersey) timeshare resort operator, Flagship. New Wellington brought suit in district court seeking a declaratory judgment as to whether it was an agent of Flagship. Flagship and a co-defendant then sued New Wellington in a New Jersey state court alleging fraud, commercial bribery, violation of New Jersey racketeering laws, breach of contract, and other claims. Importantly, the parties agreed that the conduct underlying the two cases was identical. The district court refused to hear the declaratory judgment action and New Wellington appealed.

In <u>New Wellington</u>, the Fourth Circuit addressed only the first two <u>Nautilus</u> factors in finding no abuse of discretion on the part of the district court. It held that the New Jersey state court had a strong interest in resolving the issues in the state case, especially since much of the conduct that was the subject of the case took place in New Jersey. Further, the Court found that the New Jersey court would be more efficient in resolving the matter. <u>New Wellington</u>, 415 F.3d at 298. Importantly, there were named parties involved in the state case that could not be joined in the federal action because their presence would destroy the complete diversity necessary to establish subject matter jurisdiction in federal court.

The present case is distinguishable from <u>New Wellington</u> because in <u>New Wellington</u>, both the parties and the court recognized that the pending state and federal cases dealt with *exactly* the same issues. Also, the same parties were involved at both the state and federal level.

Such circumstances created entanglement between the state and federal courts that does not exist here.  Furthermore, there was evidence of "procedural fencing" in New Wellington, in violation of the fourth Nautilus factor, where the Plaintiff initially joined an additional defendant in the federal suit, but then dismissed the party because its presence would have destroyed the complete diversity necessary to maintain the action.

In another case from this court, Great American Insurance Co. v. Gross, 2005 WL 2009284 (E.D. Va. 2005), Judge Spencer focused on the third "entanglement" factor in deciding not to exercise declaratory judgment jurisdiction:

> If the Court were to proceed with this action, it would result in unnecessary confusion and conflict in the underlying cases given the complexity of the cases and the number of parties involved.  The insureds may be estopped from re-litigating the overlapping issues in the state court action which could frustrate the orderly progress of the state court proceedings.  Mitcheson v. Harris, 955 F.2d 235, 239 (4th Cir. 1992).  "Such entanglement is particularly dangerous when overlapping issues of fact or law between the state and federal actions cause certain issues to be precluded once they are addressed by a federal court...Simply stated, federal courts are reluctant to entangle themselves with declaratory judgment actions that will create more conflict than they will remedy."

Great American, at *6 (quoting Fid. & Guar. Ins. Underwriters, Inc. v. Holt, 2 F.Supp. 2d 798, 802 (E.D. Va. 1998)).  The court placed great significance on the complexity of the case, which involved multiple parties, complicated facts and legal issues, and pending litigation outside the Fourth Circuit.  Accordingly, the court declined to exercise declaratory judgment jurisdiction "due to the risk of entanglement with the underlying state actions, [the] resulting inefficiencies, and fairness concerns." Id. at *8.  Such circumstances and resulting concerns are not present here.

**Conclusion**

The case at bar involves only four parties and relatively simple issues of contract and insurance coverage. While the state and federal cases arose out of the same factual occurrence, the issues of law are different. The state case will address the issue of who was at fault for the accident and any damages that may be appropriate while this case deals with issues of contract. The named parties are different such that the risk of entanglement between the state and federal courts is low, and there are no "groundbreaking" issues of state law which could justify the state's interest in resolving the matter. By exercising declaratory judgment over this matter, the court will not create more conflict and confusion, but rather it will bring clarity to the proceedings and issues involved. As previously noted, the Fourth Circuit has held that "a district court must have 'good reason' for declining to exercise its declaratory judgment jurisdiction." Volvo Constr. Equip. N.A., Inc. v. CLM Equip. Co., Inc., 386 F.3d 581, 594 (4th Cir. 2004)(citing Cont'l Cas. Co. v. Fuscardo, 35 F.3d 963, 965 (4th Cir. 1994). This court accordingly fails to find good reason to avoid entertaining this declaratory judgment action by granting Defendant Wilson's motion to dismiss and, therefore, for the reasons stated, the court recommends that the motion to dismiss be DENIED.

Finally, as to the Defendant's alternative motion to stay these proceedings pending the outcome of the state tort case, it is again observed that there are separate issues involved in the two actions and if the state action is initially resolved against the Powell estate, then both Budget and Ace American will have to become directly involved in any event, having not participated in the initial stage. They are entitled to a prompt resolution of the coverage issues here to determine whether it is even necessary for them to expend time and resources on the underlying tort claim,

and the Defendant Wilson can presumably petition the state court to continue that action until the insurance issues are resolved in this action. The court therefore recommends that Defendant's motion to stay also be DENIED.

Let the Clerk forward a copy of this report and recommendation to the Honorable Richard L. Williams and to all counsel of record.

It is so Ordered.

_____/s/_____
Dennis W. Dohnal
United States Magistrate Judge

Dated:  1/3/06